**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | No. 1:25-cv-11913 |

**OPPOSITION TO PLAINTIFFS' MOTION TO CONTINUE HEARING**

Defendants oppose Plaintiffs' motion to continue the preliminary-injunction hearing currently scheduled for July 21, 2025, at 11:00 a.m. Under Federal Rule of Civil Procedure 65(b)(2), any extension of a temporary restraining order (TRO) beyond the original 14 days requires "good cause." Fed. R. Civ. P. 65(b)(2); *see also* Fed. R. Civ. P. 6(b)(1) (providing for extensions of time "for good cause"); L.R. 40.3(a) (same regarding motions to continue). And if a court enters a TRO without notice to the opposing party—as the Court did in this case—the Court shall hold a hearing on the plaintiffs' preliminary-injunction motion "at the earliest possible time." Fed. R. Civ. P. 65(b)(3). Represented by at least eight lawyers in addition to the one with a scheduling conflict, Plaintiffs have not provided good cause to push the preliminary-injunction hearing back by three days. Accordingly, Defendants request that the Court deny Plaintiffs' motion. If the Court determines it is appropriate to reschedule the hearing at all, Defendants ask the Court to set it for July 17 or July 18, 2025, while maintaining existing briefing deadlines.

Plaintiffs' motion gives just one reason for the requested continuance: that "lead counsel" has a conflict. ECF No. 23, Plaintiffs' Motion to Continue Hearing ¶ 7. But Plaintiffs' signature block shows that they are represented by at least eight other lawyers, including five from a major international law firm. None of the eight claims a conflict. Especially in these circumstances, a lawyer's unavailability is not grounds for a continuance—much less extension of a TRO. *Hill v. Chester White Record Ass'n*, No. 5:21-CV-274-M-BQ, 2021 WL 5446511, at *5 (N.D. Tex. Nov. 18, 2021) (holding that counsel's unavailability was "not a sufficient basis for extending [a] TRO, particularly where it was issued without notice"), *report and recommendation adopted*, 2021 WL 5459762 (N.D. Tex. Nov. 21, 2021).

Indeed, extending a TRO is not warranted unless the movant shows that "'immediate and irreparable injury, loss, or damage' . . . will result" absent extension. *North Dakota v. U.S. Army*

1

*Corps of Eng'rs*, 264 F. Supp. 2d 871, 880 (D.N.D. 2003) (dissolving *ex parte* TRO because movant had "not met its burden of establishing by a clear showing" that the TRO "need[ed] to be continued at this stage of the litigation"). The original TRO in this case is still less than two days old. Plaintiffs have not shown that extending it twelve days from now will be necessary to prevent irreparable harm. *See* Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2953 (3d ed.) (section updated 2025) (stating that "a showing that the grounds for originally granting the temporary restraining order *continue* to exist should be sufficient" to extend a TRO (emphasis added)). It should go without saying that the unavailability of one lawyer in a team of nine does not perpetuate the "grounds for originally granting" the TRO. *See id.*

Even assuming lead counsel's unavailability on July 21 might in some circumstances constitute "good cause" for extending the TRO—and it does not—Plaintiffs have not shown why alternatives do not resolve the problem here. Specifically, Defendants offered to agree to two alternative dates *or* to an alternative means of holding the hearing. Plaintiffs' motion omits to mention that Plaintiffs' counsel initially asked (as an alternative to a continuance) for consent to conduct the preliminary-injunction hearing "remotely" on July 21. In Defendants' response, they stated that they would consent to plaintiffs' counsel appearing remotely, while Defendants' counsel planned to appear in-person. Defendants also stated their availability on both July 17 and 18 as alternatives to a continuance. Plaintiffs did not respond until filing their motion. And in their motion, they give no reason why July 17 or 18 would not work for them—in fact, they ask for July 18 as an alternative—or why Defendants' consent to their appearing remotely is not acceptable. Still less do they explain why, if irreparable harm were indeed threatened, they could not arrange for other counsel to appear or for lead counsel to appear remotely.

Plaintiffs should not be permitted a free extension of the TRO, especially because the Court made no finding of irreparable harm to justify the TRO in the first place. Indeed, for that reason and others, Defendants plan to move to dissolve the TRO later this week. That forthcoming motion adds to the reasons the Court should not delay a hearing on the preliminary-injunction motion: Defendants will request that the Court rule expeditiously on their motion to dissolve. That motion and any ruling will make an efficient hearing and decision on the preliminary-injunction motion all the more necessary.

Finally, Defendants will be unduly prejudiced by a continuance and extension. The TRO, which was entered without any factual findings or explanation of the need for an *ex parte* order, will continue to harm the government's and the public's interest in enforcement of duly enacted legislation. *See, e.g.*, *Abbott v. Perez*, 585 U.S. 579, 602 n.17 (2018). Those harms will be more fully described in Defendants' forthcoming opposition to Plaintiffs' preliminary-injunction motion. For now, they require that the continuance and extension be denied.

## CONCLUSION

The Court should deny Plaintiffs' motion for a continuance of the preliminary-injunction hearing and extension of the July 7, 2025, temporary restraining order. If the Court determines that the hearing should not go forward on July 21, 2025, as scheduled, then the Court should set a hearing for July 17 or 18, 2025, while maintaining existing briefing deadlines.

| | |
|---|---|
| Dated: July 9, 2025 | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br><br>ERIC J. HAMILTON<br>Deputy Assistant Attorney General<br>Civil Division<br><br>EMILY M. HALL<br>ELIZABETH HEDGES<br>Counsel to the Assistant Attorney General<br>Civil Division<br><br>MICHELLE R. BENNETT<br>Assistant Director<br>Federal Programs Branch<br><br>BRADLEY HUMPHREYS<br>JACOB S. SILER<br>Trial Attorneys<br>Federal Programs Branch<br><br>*/s/ Elisabeth J. Neylan*<br>ELISABETH J. NEYLAN<br>Trial Attorney (N.Y. Bar Reg. No. 6125736)<br>United States Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L St. NW<br>Washington, DC 20005<br>Tel: (202) 616-3519<br>Fax: (202) 616-8460<br>E-mail: Elisabeth.J.Neylan@usdoj.gov<br><br>*Attorneys for Defendants* |