**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*,<br><br>                      Plaintiffs,<br><br>   v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>                      Defendants. | No. 1:25-cv-11913 |

**<u>MEMORANDUM IN SUPPORT OF
MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER</u>**

Enjoining an Act of Congress signed by the President of the United States is among the most serious and consequential exercises of the judicial power. It must be exercised with caution and restraint, as the separation of powers counsels against one branch of government effectively seizing for itself the powers of the other two branches. Yet here, without even awaiting a response from the Government, the Court exercised that power through an extraordinary, highly unusual temporary restraining order (TRO), preventing the enforcement of duly enacted legislation approved by Congress and signed by the President barely a week ago. The Court should dissolve that order immediately, before the preliminary-injunction hearing scheduled for July 18, 2025. Plaintiffs' claims are utterly meritless, as the Government will explain in its forthcoming opposition to Plaintiffs' "emergency" motion. Regardless, a TRO cannot issue without complying with a series of mandatory procedural requirements under Federal Rule of Civil Procedure 65. This TRO ignores those most basic criteria. The Court must therefore dissolve its TRO as soon as possible. *See* Fed. R. Civ. P. 65(b)(4) (requiring the Court to "hear and decide the motion" to dissolve "as promptly as justice requires").

A TRO entered without giving the non-movant pre-order notice and an opportunity to respond is known as an *ex parte* TRO. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974); *Gambino v. Titan Elec. LLP*, 637 F. Supp. 2d 69, 71 (D. Mass. 2009); *see also Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 105 (2d Cir. 2009) (explaining that "notice" under Rule 65 requires giving the non-movant a "fair opportunity to oppose the preliminary injunction" (cleaned up)). After a court enters an *ex parte* TRO, "[o]n 2 days' notice to the party who obtained the order without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order." Fed. R. Civ. P. 65(b)(4); *Louis v. Charles*, 2025 WL 1057785, at *1 (D. Mass. Mar. 24, 2025)

(Talwani, J.). "A court may dissolve an improperly-issued TRO . . . 'if the TRO was not issued in accordance with applicable procedural law[]' or for any other procedural defect." *Hill v. Chester White Rec. Ass'n*, 2021 WL 5446511, at *4 (N.D. Tex. Nov. 18, 2021), *report and recommendation adopted*, 2021 WL 5459762 (N.D. Tex. Nov. 21, 2021). Having provided the required notice to Plaintiffs, *see* ECF No. 24 (Opp. to Pls.' Mot. to Continue Hr'g) at 3, the Government now moves for dissolution.

An *ex parte* TRO may issue "only if" "specific facts in an affidavit or a verified complaint *clearly* show that *immediate and irreparable* injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1)(A) (emphases added); *see also Gambino*, 637 F. Supp. 2d at 71 (denying motion for *ex parte* TRO because plaintiffs "failed to prove that they [would] suffer any irreparable injury" without it). The text of the order itself must also comply with "stringent" requirements. *Granny Goose Foods*, 415 U.S. at 438. Specifically, "[e]very temporary restraining order issued without notice must state the date and hour it was issued; describe the [movant's] injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record." Fed. R. Civ. P. 65(b)(2). "The specific requirements of Rule 65(b) are not mere technical legal niceties." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 324 (7th Cir. 1984). "They are strongly worded, mandatory provisions which should be respected." *Id.* (cleaned up).

Additional requirements apply to all TROs, *ex parte* or not. A TRO may issue "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). And "every" TRO "must" "state the reasons why it issued." *Id.* R. 65(d)(1)(A).

3

Even aside from the underlying merits (or lack thereof), this Court's July 7 TRO fails to comply with at least five of Rule 65's mandatory requirements. It must therefore be immediately dissolved.

*First*, the Court issued the TRO without requiring Plaintiffs to set forth "specific facts in an affidavit or verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage [would] result to [Plaintiffs] before [Defendants could] be heard in opposition." *See id.* R. 65(b)(1)(a). Plaintiffs' motion raises no fact that would require relief to be issued five hours after Plaintiffs filed their motion and before the Government had a chance to respond. The TRO is thus invalid because it issued without the required showing of harm. *See Hill*, 2021 WL 5446511, at *7 (holding that "Plaintiffs' failure to demonstrate irreparable injury alone is sufficient basis to dissolve the TRO"); *Qualitybuilt.Com, Inc. v. Coast to Coast Eng'g Servs., Inc.*, 2007 WL 1159968, at *8 (S.D. Cal. Apr. 18, 2007) (dissolving TRO because plaintiff "failed to meet its burden of demonstrating a significant threat of irreparable injury"); *North Dakota v. U.S. Army Corps of Eng'rs*, 264 F. Supp. 2d 871, 879 (D.N.D. 2003) (dissolving TRO partly because although "[t]here certainly may be evidence presented of irreparable harm in the long-term," it was not "of an immediate nature" that could not "be addressed at the upcoming hearing on a preliminary injunction"); *Consol. Restaurant Operations, Inc. v. Nat'l Processing Co., LLC*, 2002 WL 1432469, at *6 (N.D. Tex. June 28, 2002) (dissolving TRO because plaintiff did not "demonstrat[e] a substantial threat of irreparable injury").

*Second*, the TRO does not describe the alleged injury that justifies *ex parte* emergency relief. *See* Fed. R. Civ. P. 65(b)(1)(A). In fact, it describes no injury at all. Stating that the Court found "good cause shown" to grant relief, ECF No. 18 (TRO) at 1, does not satisfy the Rule. Instead, the Court must describe both "the injury" and "why it is irreparable." Fed. R. Civ. P.

4

65(b)(1)(A); *see Mansukhani*, 742 F.2d at 324 (holding that TRO was invalid because it did not "define or even mention the injury to be prevented" or "state why that undefined injury would have been irreparable").

*Third*, the TRO does not "state the reasons why it issued." *Id.* R. 65(d)(1)(A). While such an error would be fatal in any case, it is particularly glaring here, where Plaintiffs seek to invalidate an Act of Congress when the ink has barely dried, and their lead argument involves novel reliance on the Bill of Attainder Clause. As the Government's forthcoming opposition will make plain, Plaintiffs' claims are devoid of merit from start to finish. Granting a high-stakes motion based on such empty legal theories cries out for explanation; indeed, everything about this case makes following the rules especially critical. But the Court did not follow them.

*Fourth*, although the Court did not give the Government an opportunity to contest the relief sought in Plaintiffs' motion, the TRO does not state why it was issued without notice. That omission is another violation. *See id.* R. 65(b)(2); *Mansukhani*, 742 F.2d at 321-24 (holding that district court "abused its discretion by ordering ex parte relief" where the court did not "state why the order was granted without notice"). Had the Court allowed the Government the opportunity, it would have responded to Plaintiffs' motion and explained why no emergency justified immediate relief. But the Court entered the TRO mere hours after Plaintiffs filed their motion—giving the Government no time to respond—and did not state why the lack of notice was justified.

*Fifth*, the Court did not require Plaintiffs to post a bond. Thus, the TRO violates Rule 65(c). *See U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 135 (2d Cir. 2014) (explaining that the bond's purpose is to protect defendants who "may have already suffered harm while the TRO was in effect even if the TRO is subsequently dissolved"). Indeed, the Court did not even provide a reason for granting Plaintiffs' requested relief without requiring security. That

silence is especially remarkable given Plaintiff Planned Parenthood Federation of America, Inc.'s (PPFA) deep donor base and massive funding. If any party should be required to post a bond, it is PPFA. Yet the Court simply skipped over this requirement.

## CONCLUSION

The Court should dissolve the July 7, 2025, temporary restraining order.

Dated: July 11, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division

EMILY M. HALL
Counsel to the Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Director
Federal Programs Branch

BRADLEY HUMPHREYS
JACOB S. SILER
ELISABETH J. NEYLAN
Trial Attorneys
Federal Programs Branch

/s/ *Elizabeth Hedges*
ELIZABETH HEDGES (D.C. #1657707)
Counsel to the Assistant Attorney General
Civil Division
950 Pennsylvania Avenue NW
Washington, DC 20530
Phone: (202) 616-0929
Elizabeth.T.Hedges@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document electronically on July 11, 2025, and it will be served on all parties through the Court's CM/ECF system.

/s/ *Elizabeth Hedges*
Elizabeth Hedges
