IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> *Defendants*. | No. 1:25-cv-11913-IT |

### DECLARATION OF DREW SNYDER

1.  I, Drew Snyder, declare as follows: I am employed by the Department of Health and Human Services (HHS) as the Director of the Center for Medicaid and CHIP Services (CMCS) and Assistant Director of the Centers for Medicare & Medicaid Services (CMS), located at 7500 Security Boulevard, Baltimore, MD 21244. I have held this position since January 2025. In my role as CMCS Director, I oversee a team of professional and administrative staff with a variety of advanced degrees in fields including economics, law, medicine, public health, public policy, finance, and business operations. My team is responsible for policy development, management, oversight, budget, and performance issues related to Medicaid, the Children's Health Insurance Program (CHIP), and the Basic Health Program (BHP) on behalf of CMS. My team and I regularly interact with representatives from states and other stakeholders.

2.  Medicaid is a joint state/federal partnership. States are responsible for providing care to Medicaid beneficiaries and do so through both fee-for-service (FFS) and managed care delivery systems. The federal government outlines Medicaid program requirements and reviews

1

and approves many components of a state's Medicaid program, such as underlying authorities for benefits and eligibility and managed care contracts and rates.

3. The federal government also contributes federal financial participation (FFP) towards the Medicaid program.

4. Congress recently amended the Medicaid statute as part of the One Bill Beautiful Bill Act, which President Trump signed into law on July 4, 2025. P.L. No. 119-21, 139 Stat. 72 (2025). Specifically, Section 71113 directs that no Medicaid funds "shall be used to make payments to a prohibited entity for items and services furnished during the 1-year period beginning on the date of the enactment of this Act[.]"

5. Section 71113 defines a prohibited entity as an entity (including its affiliates, subsidiaries, successors, and clinics) that, as of October 1, 2025, is an organization described in section 501(c)(3) of the Internal Revenue Code of 1986; is an essential community provider (described in section 156.235 of title 45, Code of Federal Regulations) that is primarily engaged in family planning services, reproductive health, and related medical care; provides for abortions other than those identified in the Hyde Amendment; and for which the total amount of Federal and State expenditures under the Medicaid program under title XIX of the Social Security Act for medical assistance furnished in fiscal year 2023 made directly, or by a covered organization, to the entity or to any affiliates, subsidiaries, successors, or clinics of the entity, or made to the entity or to any affiliates, subsidiaries, successors, or clinics of the entity as part of a nationwide health care provider network, exceeded $800,000.

6. CMCS staff have analyzed data in CMS's Transformed Medicaid Statistical Information System from 2023 and identified at least two non-Planned Parenthood entities, Family Planning Association of Maine, Inc., and Health Imperatives (which is based in Massachusetts),

that received more than $800,000 in Medicaid funding in fiscal year 2023, are 501(c)(3) essential community providers, and have provided for abortions other than those identified in the Hyde Amendment in the past.

    I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct, to the best of my knowledge and belief.


Dated:  7/14/2025　　　　　　　　　　　　　　　　　/s/ Drew Snyder
　　　　　　　　　　　　　　　　　　　　　　　　　DREW SNYDER