UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.; PLANNED PARENTHOOD LEAGUE OF MASSACHUSETTS; and PLANNED PARENTHOOD ASSOCIATION OF UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as SECRETARY OF THE U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; MEHMET OZ, in his official capacity as ADMINISTRATOR OF THE CENTERS FOR MEDICARE & MEDICAID SERVICES; and CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>Defendants. | Case No. 1:25-cv-11913-IT |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S
JULY 21, 2025 ORDER OR, IN THE ALTERNATIVE, TO EXTEND AMENDED
TEMPORARY RESTRAINING ORDER**

## INTRODUCTION

The Defund Provision, Pub. L. No. 119-21, § 71113 (2025), categorically prohibits Planned Parenthood Members from being reimbursed with federal funds under the Medicaid program for the vital health care services they provide to their patients. Plaintiffs—Planned Parenthood Federation of America ("PPFA"), on behalf of all its Members, and two named Members—have challenged the Defund Provision as unconstitutional as to all Planned Parenthood Members and seek emergency injunctive relief to avoid grave and irreparable harm to the Members and their patients. Based on the Court's express findings in its Memorandum & Order on Plaintiffs' Emergency Motion for Preliminary Injunction ("PI Order"), Plaintiffs understand that the preliminary injunction standard was satisfied by all Plaintiffs—including both Members that independently satisfy the requirements of the Defund Provision and the Non-Qualifying Members that do not. Plaintiffs therefore respectfully request expedited clarification from the Court based on the inconsistency between the Court's opinion, which indicates the Court found the preliminary injunction standard satisfied as to all Members, and the Court's order, which only issued an injunction as to the Non-Qualifying Members. Further, although not explicit, Plaintiffs understand that the PI Order prohibits retroactive claims to recoup payments lawfully obtained by Planned Parenthood Members during the pendency of the injunction.

Notwithstanding the government's notice of appeal filed shortly after Plaintiffs informed the government of this intended motion, clarification on these two points is permissible and necessary to aid in the First Circuit's jurisdiction. Moreover, it is urgently needed given the expiration of this Court's Amended Temporary Restraining Order and the exigencies on the ground for Planned Parenthood Members and their patients with respect to whether they may seek reimbursement through Medicaid.

1

Otherwise, to the extent Plaintiffs have misunderstood the Court's opinion and the Court has not reached a decision with respect to the Members that independently satisfy the Defund Provision, Plaintiffs ask that the Court construe this motion as a renewed motion for a Temporary Restraining Order and Preliminary Injunction with respect to the scope of this case that remains under advisement and therefore within the purview of this Court's jurisdiction.

## PROCEDURAL BACKGROUND

On July 7, 2025, Plaintiffs filed a complaint for declaratory and injunctive relief challenging the Defund Provision for violating the United States Constitution by subjecting PPFA and all its Members to a bill of attainder, denying them equal protection of the law, and retaliating against them in violation of the First Amendment. The Complaint also raised additional claims on behalf of only the Non-Qualifying Members. Plaintiffs simultaneously filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction seeking to preliminarily enjoin Defendants from enforcing the Defund Provision against all Planned Parenthood Members.

That same day, the Court issued a Temporary Restraining Order, enjoining the enforcement of the Defund Provision as to all Planned Parenthood Members. Doc. No. 18. Shortly thereafter (on July 11), the Court issued an Amended Temporary Restraining Order, providing "the court's reasons for the emergency order and to require a nominal bond," and again enjoining enforcement as to all Planned Parenthood Members. Doc. No. 46.

On July 18, after full briefing, the Court held a hearing on Plaintiffs' Emergency Motion for a Preliminary Injunction. The Court issued its PI Order three days later. There, the Court granted "in part" Plaintiffs' Emergency Motion and noted that the Emergency Motion "otherwise remains under advisement." Doc. No. 62 at 3. As to the merits, the Court addressed Plaintiffs' First Amendment and equal protection claims. *Id.* at 2-3. The Court held that the Defund Provision

2

MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 21, 2025 ORDER OR, IN THE ALTERNATIVE, TO EXTEND AMENDED TRO

violates the First Amendment as to Non-Qualifying Members. *Id.* The Court then went further on Plaintiffs' equal protection claim—finding a likely constitutional violation as to all Planned Parenthood Members. Specifically, the Court held that "Plaintiffs have demonstrated a substantial likelihood of success on … all Plaintiffs' equal protection claim based on the burdening of their right of association." *Id.* But the Court limited the scope of its injunctive relief to Non-Qualifying Members only—enjoining enforcement of the Defund Provision "against Planned Parenthood Association of Utah and other Planned Parenthood Federation of America Members who will not provide abortion services as of October 1, 2025, or for which the total amount of Federal and State expenditures under the Medicaid program … furnished in fiscal year 2023 made directly to them did not exceed $800,000." *Id.* at 35.

On July 22, 2025, at 3:03 p.m. ET, Plaintiffs informed the government of their intent to file this motion for clarification and sought the government's position by 5:00 p.m. ET, to comply with their meet-and-confer obligations under Local Rule 7.1. Less than two hours later, at 4:50 p.m. ET, and minutes before the government relayed its opposition to Plaintiffs' motion, the government filed a notice of appeal. Doc. No. 63.

## ARGUMENT

**I. THE COURT SHOULD CLARIFY THAT ITS ORDER ENJOINS THE ENFORCEMENT OF THE DEFUND PROVISION AS TO ALL PLAINTIFFS**

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011). This Court has inherent authority to issue "'an order clarifying the scope of an injunction in order to facilitate compliance with the order and to prevent unwitting contempt.'" *KPM Analytics N. Am. Corp. v. Blue Sun Sci., LLC*, 578 F. Supp. 3d 101, 105 (D. Mass. 2021). Clarifications of orders previously issued add certainty to a party's efforts to comply

3

MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 21, 2025 ORDER OR, IN THE ALTERNATIVE, TO EXTEND AMENDED TRO

with the injunction and "'provide a fair warning as to what future conduct may be found contemptuous.'" *Id.* Even though the government has filed a notice of appeal, this Court retains jurisdiction to clarify its order in order to "aid[] the appellate process." *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 769 F. Supp. 3d 465, 467 (D. Md. 2025) (quoting *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014)).

Although the Court's order granted a preliminary injunction only as to Planned Parenthood Association of Utah ("PPAU") and the Non-Qualifying Members, the Court's reasoning in its opinion squarely applies to all Members, including those Members that independently satisfy the requirements of the Defund Provision. The Court specifically found that all Members had shown a likelihood of success on the merits, and that the balance of hardships and public interest favored them. As to the single remaining factor, while the Court did not expressly address irreparable harm for all Members, its reasoning on that factor necessarily applies to all Members alike.

*First*, the Court's opinion is clear and correct in holding that all Plaintiffs are likely to succeed on the merits. The Court began with a focus on Non-Qualifying Members, finding them "likely to succeed in establishing that Section 71113 unconstitutionally conditions Medicaid funding on these Members foregoing their First Amendment right of association." Doc. 62 at 23. The Court then further held that PPFA and *all* Planned Parenthood Members are likely to succeed in establishing that the Defund Provision violates equal protection because it "classifies on the basis of affiliation," thus burdening the First Amendment associational rights of PPFA and all its Members. *Id.* at 26, 28. The Court explained that the Defund Provision likely "impinges on Planned Parenthood Federation's and each Members' right of association," including Members that independently satisfy the Defund Provision's requirements, because Members cannot "escape the law's burden simply by ending its own abortion services." *Id.* at 26. Instead, a Member "must

also disaffiliate from any Member that continues to provide abortion, which requires disassociating from Planned Parenthood Federation." *Id*. That reasoning applies to the Non-Qualifying members and the other Planned Parenthood Members alike. Thus, the Court found that "Plaintiffs have demonstrated a substantial likelihood of success … on all Plaintiffs' equal protection claim based on the burdening of their right of association, where the law's classifications are not sufficiently tailored to stop elective abortions rather than advocacy." *Id.* at 3; *see also id.* at 35 ("the court has concluded that Plaintiffs have shown a substantial likelihood of success on their equal protection claim based on their showing that Section 71113 draws a classification that burdens Plaintiffs' and Planned Parenthood Members' First Amendment rights").

*Second*, the Court expressly found that all Members satisfied the requirements for the balance of hardships and public interest. The Court did not differentiate between Non-Qualifying Members and other Members in this respect. Nor should it have—the factors apply equally to both. The Court correctly found that "disruption in patient care and corresponding adverse health outcomes" associated with the enforcement of the Defund Provision mean that the public interest favors an injunction, and "there is a public interest in Congress's judgment … only so long as that judgment does not violate the equal protection clause and the First Amendment." Doc. 62 at 31-32.

*Third*, the Court's reasoning with respect to irreparable harm applies equally to all Members. Although set forth in a section titled "Planned Parenthood Federation and the Non-Qualifying Members," the Court reasoned that "injury to [PPFA] and Planned Parenthood Members' First Amendment rights constitutes irreparable harm to Plaintiffs sufficient to support the issuance of injunctive relief" because "loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." Doc. No. 62 at 28-29 (citing

5

MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 21, 2025 ORDER OR, IN THE ALTERNATIVE, TO EXTEND AMENDED TRO

*Mahmoud v. Taylor*, 606 U.S. __, 2025 WL 1773627, at *24 (U.S. June 27, 2025)).  Because the Court concluded that the Non-Qualifying Members were likely to succeed on a freestanding First Amendment claim and all Plaintiffs were likely to succeed on an equal protection claim rooted in the unconstitutional burdening of their First Amendment rights, it necessarily follows that the Court found irreparable harm for all Plaintiffs.

This understanding is bolstered by the Court's conclusion that irreparable harm was established with respect to PPFA because the Defund Provision "encourages Non-qualifying Planned Parenthood Members to disassociate from the Planned Parenthood Federation." Doc. No. 62 at 30.  The Court reasoned that dissociation of Members from PPFA is "'likely to affect adversely the ability of [the organization] *and its members* to pursue their collective effort to foster beliefs which they admittedly have the right to advocate.'" *Id.* (emphasis added) (quoting *NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 459 (1958)).  Though the Court identified this harm only in its analysis of PPFA's irreparable injury, its logic applies to all Planned Parenthood Members, since any Member would suffer in its "collective effort," *id.*, to advocate for shared beliefs whenever another is unconstitutionally pressured to disaffiliate.

While the Court's PI Order relies on the harm to Plaintiffs' associational rights in finding irreparable harm, Plaintiffs set forth several other bases for the Court to find irreparable harm that are applicable as to the claims of all Members, and which this Court has already recognized.  Specifically, exclusion from Medicaid would cause Members to reduce the hours and programs they offer, terminate staff members, and eventually close health centers.  Doc. No. 5 at 50; *see also* Doc. No. 60 at 21-23.  This will in turn severely disrupt the relationships between Members and their patients, and ultimately result in patients not receiving the care they need.  Doc. No. 5 at 50-

6

MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 21, 2025 ORDER OR, IN THE ALTERNATIVE, TO EXTEND AMENDED TRO

52. It will also significantly interfere with Planned Parenthood's mission to provide healthcare to all. *Id.* at 52. These irreparable harms are occurring while there is no injunction in place.

*Fourth*, with respect to the scope of the injunction, Plaintiffs understand that the Court's inclusion of a prohibition of "retroactive" enforcement of the Defund Provision includes a prohibition on the government, its agents, employees, appointees, successors, and anyone acting in concert or participation with it, seeking recoupment of payments lawfully obtained by Plaintiffs under this Court's injunction, and that any action predicated on claims submitted while the injunction is in place would violate Planned Parenthood Members' rights under the Due Process Clause, by depriving them of reimbursements for care they lawfully provided through the Medicaid program in reliance on the Court's injunction. As this Court found in its Amended Temporary Restraining Order in imposing a nominal bond, not prohibiting retroactive enforcement would award the government funds for care it was obligated to cover, whether provided by Planned Parenthood Members or (if patients are able to find them) other Medicaid providers. Doc. No. 46 at 8. Accordingly, Plaintiffs seek clarification that the PI Order would bar such claims.

Because Plaintiffs' requested relief would "aid[] the appellate process" by addressing "a potential inconsistency between the language of the Preliminary Injunction and that of the accompanying Memorandum Opinion," this Court retains jurisdiction to clarify its previous order. *Nat'l Ass'n of Diversity Officers in Higher Educ.*, 769 F. Supp. 3d at 467.

## II. TO THE EXTENT THE COURT IS STILL CONSIDERING WHETHER TO ISSUE A PRELIMINARY INJUNCTION AS TO ALL MEMBERS, THE COURT SHOULD EXTEND ITS TEMPORARY RESTRAINING ORDER

For the reasons above, Plaintiffs respectfully submit that the Court's order should be clarified to confirm that the Defund Provision is enjoined as to all Planned Parenthood Members. But in the event that the full scope of the Court's preliminary injunctive relief "remains under

7

MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 21, 2025 ORDER OR, IN THE ALTERNATIVE, TO EXTEND AMENDED TRO

advisement" and the Court has not decided the other Members' entitlement to a preliminary injunction, Plaintiffs respectfully request that this Court extend for good cause the duration of the Amended Temporary Restraining Order for no longer than 14 days to allow the Court time to rule on any remaining issues. *See, e.g.*, *Almeida-Leon v. WM Cap. Mgmt., Inc.*, 2024 WL 2904077, at *5 (1st Cir. June 10, 2024); Fed. R. Civ. P. 65(b)(2) (permitting extension of 14-day period for good cause).

Good cause exists due to the importance of the legal issues and the need to maintain the status quo while this matter is being expeditiously litigated. The expiration of injunctive relief poses an immediate harm to Plaintiffs not explicitly covered by the existing preliminary injunction. Absent judicial intervention, there will be—and indeed have been—severe, widespread disruptions to Members' health centers and their relationships with over a million patients to whom Planned Parenthood Members' health clinics provide care through Medicaid. Plaintiffs also face irreparable and immediate harm, including to their First Amendment rights. *See supra,* pp. 5-6. Extending the Amended Temporary Restraining Order for 14 days, or until the Court rules on the remaining portions of the preliminary injunction motion, would mitigate these harms to Plaintiffs.

The government's notice of appeal is of no moment here, either. To the extent the Court's order did not grant relief to the Members that independently meet the requirements of the Defund Provision, their rights are not the subject of the appeal, and this Court retains jurisdiction over those Members' claims and can grant a temporary restraining order while it continues to consider them. In other words, in this scenario, a decision by this Court regarding the rights of those Members would not interfere with the government's rights in its appeal, which concerns only relief granted to Non-Qualifying Members. *In re Old Cold, LLC*, 602 B.R. 798, 823 (B.A.P. 1st Cir. 2019), *aff'd* 976 F.3d 107 (1st Cir. 2020) ("[T]he test for determining if a pending appeal divests

8

MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 21, 2025 ORDER OR, IN THE ALTERNATIVE, TO EXTEND AMENDED TRO

a lower court of jurisdiction is whether the subject matter presented in the appeal is 'so closely related' to the issues in the motion that the entry of the order 'impermissibly interferes' with the appellant's rights in its appeal."). And in all events, this Court retains jurisdiction to modify its prior order under Federal Rule of Civil Procedure 59 and Federal Rule of Appellate Procedure 4. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 400(1982) (per curiam); *see also Stone v. I.N.S.*, 514 U.S. 386, 402-03 (1995) ("the filing of a Federal Rule of Civil Procedure 59 motion to alter or amend a district court's judgment strips the appellate court of jurisdiction"); *Dr. Jose S. Belaval, Inc. v. Perez-Perdomo*, 465 F.3d 33, 37 (1st Cir. 2006) (a court modifying a previously issued preliminary injunction order must "act in accord with the temporal and substantive standards set by Rules 59 and 60 for modifications"); *Roque-Rodriguez v. Lema Moya*, 926 F.2d 103, 106 (1st Cir. 1991) (where an order is "immediately appealable" it becomes "the functional equivalent of a judgment for purposes of appeal" and thus "came within the purview of" Rule 59).

## CONCLUSION

Plaintiffs respectfully request that the Court clarify its Order to explicitly state that the injunction applies to all Plaintiffs and prohibits retroactive claims to recoup payments lawfully obtained by Planned Parenthood Members during the pendency of the injunction, or, in the alternative, that the Court extend its Amended Temporary Restraining Order while it considers the claims remaining under advisement.

9

MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 21, 2025 ORDER OR, IN THE ALTERNATIVE, TO EXTEND AMENDED TRO

Dated: July 23, 2025                                     Respectfully submitted,

/s/ Alan E. Schoenfeld

| | |
|---|---|
| Emily Nestler* | Alan E. Schoenfeld* |
| PLANNED PARENTHOOD | Cassandra A. Mitchell* |
|  FEDERATION OF AMERICA, INC. | Alex W. Miller* |
| 1110 Vermont Avenue, NW | WILMER CUTLER PICKERING |
| Washington, D.C. 20005 |  HALE AND DORR LLP |
| Tel.: (202) 973-4800 | 7 World Trade Center |
| emily.nestler@ppfa.org | 250 Greenwich Street |
| | New York, NY 10007 |
| | Tel.: (212) 230-8800 |
| | Fax: (212) 230-8888 |
| | alan.schoenfeld@wilmerhale.com |
| | cassie.mitchell@wilmerhale.com |
| | alex.miller@wilmerhale.com |
| Jennifer Sandman* | Sharon K. Hogue, BBO# 705510 |
| C. Peyton Humphreville* | WILMER CUTLER PICKERING |
| Kyla Eastling* |  HALE AND DORR LLP |
| PLANNED PARENTHOOD | 60 State Street |
|  FEDERATION OF AMERICA, INC. | Boston, MA 02109 |
| 123 William Street | Tel.: (617) 526-6000 |
| New York, NY 10038 | Fax: (617) 526-5000 |
| Tel.: (212) 441-4363 | sharon.hogue@wilmerhale.com |
| jennifer.sandman@ppfa.org | |
| peyton.humphreville@ppfa.org | |
| kyla.eastling@ppfa.org | Albinas J. Prizgintas* |
| | WILMER CUTLER PICKERING |
| |  HALE AND DORR LLP |
| | 2100 Pennsylvania Avenue NW |
| | Washington, DC 20037 |
| | Tel.: (202) 663-6000 |
| | Fax: (202) 663-6363 |
| | albinas.prizgintas@wilmerhale.com |

*Pro hac vice application granted.*

*Counsel for Plaintiffs*

10

MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF THE COURT'S JULY 21, 2025 ORDER OR, IN THE ALTERNATIVE, TO EXTEND AMENDED TRO

## **CERTIFICATE OF SERVICE**

Counsel for Plaintiffs hereby certify that a true and correct copy of this document has been served on all counsel of record through the Court's ECF system on July 23, 2025.

Dated:  July 23, 2025

                                            */s/ Alan Schoenfeld*
                                            Alan Schoenfeld